Compiler law library

## IN THE SUPERIOR COURT OF GUAM



| THE GOVERNMENT OF GUAM, | ) | CIVIL CASE NO. CV0055-13 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DECISION AND ORDER |
| | ) | |
| BENJAMIN SCHIFF, | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter came before the HONORABLE VERNON P. PEREZ on July 26, 2013 on Defendant's Motion to Dismiss. Attorney Leevin T. Camacho appeared on behalf of the Defendant. Attorney David J. Highsmith appeared on behalf of the Government of Guam ("Government"). Having reviewed the pleadings, the arguments presented and the record, the Court now issues the following Decision and Order.

## BACKGROUND

The Government brought an action against Defendant surrounding his alleged conduct at meetings conducted by the Guam Board of Allied Health Examiners ("The Board") and the Health Professional Licensing Office ("HLPO"). In its complaint, the Government requested that the Court permanently restrain Defendant from entering the HLPO premises; from attending meetings of the Board; from harassing or attempting to disturb the peace of Board members and HLPO employees; from entering the premises at the Office of the Territorial Veterinarian and the Department of Agriculture; and from harassing or attempting to disturb the peace of the employees at the Office of the Territorial Veterinarian and the Department of Agriculture. Defendant now moves the Court to dismiss the Governments complaint.

## DISCUSSION

Defendant moves to dismiss the Government's claim pursuant to the Citizen Participation in Government Act ("CPGA"). The CPGA is an "[a]ct to protect citizens,

businesses, and organizations from civil lawsuits for exercising their constitutional rights of petition and public participation in government." *Guam Greyhound, Inc., v. Brizill*, 2008 Guam 13 ¶ 8. "The CPGA was intended to cover Strategic Lawsuits Against Public Participation or 'SLAPPs'." 7 GCA § 17102(a)(4). The Guam legislature has explained that "SLAPP suits are lawsuits that are typically dismissed as unconstitutional, but often not before the defendants are put to great expense, harassment and interruption of their productive activities." 7 GCA § 17102(a)(4).

Pursuant to the CPGA, Title 7 GCA § 17104 provides:

> Acts in furtherance of the Constitutional rights to petition, including seeking relief influencing action, informing, communicating and otherwise participating in the process of government, shall be immune from liability, regardless of intent or purpose, except where not aimed at procuring any government or electoral action, result or outcome.

7 GCA § 17104. "[W]here a trial court is presented with any motion to dispose of a claim . . . that raises immunity from liability described in the CPGA, the trial court should first determine whether the claim actually falls within the scope of the CPGA." *Enriquez v. Smith*, 2012 Guam 15 ¶ 18. In *Enriquez*, the underlying motion simply stated that "[t]his motion is made on the ground that the Complaint in this matter is specifically prohibited by the [CPGA]." *Enriquez* at ¶ 13. As such, the Guam Supreme Court held that the motion fell within the purview of the CPGA. *Id.* Similarly, in this case, Defendant's motion to dismiss stated that "[t]he instant action has been filed in retaliation for the acts that the CPGA explicitly seeks to protect: full participation in the process of government." Def's. Mot. pg. 4. Thus, the provisions of the CPGA are applicable to Defendant's current motion.

Because the CPGA is applicable to this motion, it will be treated as one for summary judgment. 7 GCA § 17106(a). The responding party, in this case the Government, shall have the burden of proof, of going forward with the evidence and of persuasion on the motion. 7 GCA § 17106(c). The Court "shall grant the motion and dismiss the judicial claim, unless the

responding party has produced clear and convincing evidence that the acts of the moving party are not immunized from liability by § 17104." 7 GCA § 17106(e). The Guam Supreme Court previously stated that "clear and convincing evidence must be of extraordinary persuasiveness." *Guam Greyhound, Inc., v. Brizill*, 2008 Guam 13 ¶ 41 (citing *Shorehaven Corp. v. Taitano*, 2001 Guam 16 ¶ 19). Furthermore, "clear and convincing evidence means testimony that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy of the truth of the precise facts in issue." *Id.*

When analyzing whether any acts in question are immune from liability, the Guam Supreme Court has construed § 17104 as having two distinct parts. *Brizill* at ¶ 11. "The beginning part which ends with 'regardless of intent or purpose," and the ending phrase which states "except where not aimed at procuring any government or electoral action, result or outcome." *Id.* The beginning part is the "petitioning provision" and the ending phrase is the "sham exception." *Id.*

The "petitioning provision" is an objective test in which the Court must determine whether the Government carried its burden "such that a reasonable person would conclude that the acts did not involve petitioning the government." *Id.* at ¶ 42. In *Brizill*, the Defendant made statements in opposition to a gambling initiative, which the Plaintiff alleged exposed the Defendant to liability for defamation. *Id.* at ¶ 2. The Guam Supreme Court ruled that "[l]ooking at the nature of the allegedly defamatory comments in the context of the ballot initiative, a reasonable person could conclude that the acts in question [were] petitioning activity." *Id.* at ¶ 43. The Supreme Court then went on to state that the acts in question were not "salacious personal attacks that lack relevance to anything in the ballot initiative, and they were not made against a person who was not an interested party in the outcome of the ballot initiative." *Id.*

In this case, the Government provides that Defendant has been disruptive to GBAHE meetings in that he attempts to ask questions which have been answered repeatedly before; he has raised his voice and complained about board actions; he has attempted to force his way into the meeting room; and that he has verbally harassed HPLO employees. Decl. of Sybil Crisostomo ¶ ¶ 8-12. Furthermore, the Government also provides that Defendant has remained after the conclusion of meetings and has refused to leave, prompting the calling of the Guam Police; and he has followed the Chairperson of the Board to her vehicle after a meeting while simultaneously videotaping her. Decl. of Mamie Balajadia. ¶ ¶ 8-13. Under the objective test, the actor's intent or purpose has no bearing. *Brizill* at ¶ 42. The GBAHE, HLPO, and the Office of the Territorial Veteran ("OTV") are all part of the government.[1] Defendant provides that in the past he has attended and videotaped GBAHE board meetings because the board was making decisions that were not supported by any written records. Decl. of Def. ¶ 4. Defendant also submits that he has made follow up inquiries with the GBAHE and OVT regarding the pendency of complaints filed and requested health certificates. Decl. of Def. ¶ 5-6. Even, while viewing the evidence in a light most favorable to the Government, the Court cannot conclude that Defendant's acts were salacious personal attacks that lack relevance to anything involving issues surrounding the operation of the veterinary clinic, of which Defendant is the General Manager. Further, the Court cannot conclude that Defendant's acts were made against a person or persons who are not an interested party in the outcome of the issues that Defendant seeks to resolve. The Government's Declarants are members of the GBAHE, who have an interest in whether or not Defendant is able to address grievances or rectify any issues relating to the issuance of health

---

[1] "Government includes a branch, department, agency, instrumentality, official, employee, agent or other person acting under color of law of the United States, a Territory, or a subdivision of a state or territory, including municipalities and their boards, commission, and departments, or other public authority, including the electorate." 7 GCA § 17103(a).

certificates. Considering that, the Court cannot conclude that the Government has carried its burden such that a reasonable person would conclude by clear and convincing evidence that Defendant's acts did not involve petitioning the government. Furthermore, as mentioned above, the Government seeks to permanently restrain Defendant from entering the HLPO premises; from *attending* meetings of the Board; and from entering the premises at the Office of the Territorial Veterinarian and the Department of Agriculture. Under Guam law, however, "any person shall be permitted to *attend* any public agency meeting." 5 GCA § 8103(a). Based on the evidence provided, the Court is unable to conclude that any future *attendance* by Defendant at GBAHE meetings will not be immunized under the CPGA.

Next, the Court will consider the "sham exception" to § 17104. The sham exception is a subjective test, which spells out an exception that excludes from § 17104 protection acts that are not aimed at procuring general favorable government action. *Brizill* at ¶ 39. "The sham exception . . . also does not protect 'persons who use the government process- as opposed to the outcome of that process as a weapon." *Id.* "In order for the responding party to remove the acts in question from the protection of § 17104, the responding party must carry its burden of producing clear and convincing evidence that the moving party's acts were a sham." *Id.* In *Brizill*, the Defendant admitted that "in her communications to Guam, her sole purpose was to share . . . information . . . for any value that it may have for the voters in Guam." *Brizill* at ¶ 44. The Guam Supreme Court determined that "informing the electorate is an outcome that brings [Defendant's] comments under the protection of the CPGA" and that the record therein contained no clear and convincing evidence that the Defendant was using the process as a weapon." *Id.* On that basis the Supreme Court held that the Plaintiff failed to carry his burden to survive summary judgment.

In this case, the Government provides that Defendant is a disruptive force and his only purpose in taping the Board's meetings and asking questions already answered is to annoy the board. Pl. Mem. in Opp. pg. 6; Decl. of Sybil Crisostomo ¶ 8. Defendant provides that his actions have been related to the functions and duties of the GBAHE and OTV. Decl. of Def. ¶ 8. In that regard, Defendant's argued purpose is to further GBAHE and OTV transparency and compliance with Guam law. Decl. of Def. ¶ 8. The Court accepts that governmental transparency and compliance is an outcome that brings Defendant's acts within the confines of the CPGA. On that basis, the Court cannot conclude that the Government has carried its burden of producing clear and convincing evidence that Defendant's acts were not aimed at procuring favorable government action or that Defendant was using the governmental process-as opposed to the outcome of that process-as a weapon.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss. Additionally the court hereby orders that Defendant be awarded costs and Attorney's fees pursuant to 7 GCA § 17106(g)(1)[2].

So ORDERED this 23rd day of October, 2013.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the Office of the Clerk of the Superior Court of Guam. Dated at Hagatna, Guam.

OCT 2 3 2013

Leonard F. Ventura
Deputy Clerk, Superior Court og Guam

---

[2] Under 7 GCA § 17106(g)(1), "the court shall award a moving party who is dismissed . . . (1) costs of litigation, including reasonable attorney . . . fees, incurred in connection with the motion . . . ." 7 GCA § 17106(g)(1).

*Government of Guam v. Benjamin Schiff,*
Decision and Order
Civil Case No. CV0055-13                    - Page 6 of 6 -